THE REAL ESTATE BANK *vs.* BIZZELL.

If, upon a motion to affirm a judgment appealed from, because the transcript was not filed in time, the appellant shows that his counsel made timely application for a transcript, and used due exertion to obtain it, and that it was not obtained because the Clerk of the Court below was not able to prepare it, owing to the great number of transcripts required for the Supreme Court, the affirmance will be denied.

The certificate of a Notary who protested the bill, that he forwarded due notice of protest, though under his notarial seal, is no evidence of that fact.

THIS was an action of assumpsit, against William H. Bizzell, as endorser of a bill of exchange, payable in New-Orleans, tried in Pulaski Circuit Court, in November, A. D. 1841, before the Hon. JOHN J. CLENDENIN, one of the Circuit Judges. The case was tried on the general issue. On the trial, after giving in evidence the bill sued on, and the notarial protest, and the certificate of the Notary appended to the protest, that he forwarded notices of protest, by mail, on the day of protest, to the different parties to the bill, directed to the places of their respective residences, endorsed on the bill; the Court instructed the jury, that, to charge the defendant, notice must have been sent by the next mail after the protest, to the post-office nearest defendant's residence; and, that the Notary's certificate was no evidence that the notice was sent. Judgment went for the defendant, and the plaintiff appealed.

Upon the case coming into this Court, the appellee moved to affirm the judgment, (upon certificate of Clerk, required by law), because the transcript had not been filed ten days before the commencement of the term. A rule was accordingly entered, that the appellant show cause. Cause was shown, at a subsequent day, by the affidavit of the appellant's attorney, A. Fowler, Esq.

*By the Court,* RINGO, C. J.

It appears, from the affidavit filed in response to the rule, that the appellant had retained an attorney at law, specially to attend to the prosecution and management of this case; that he superintended its prosecution in the Circuit Court; that the appeal was taken and

granted on the last day of the last term of said Circuit Court; that, within a day or two after the appeal was taken, said attorney was compelled, by special agreement, to leave Little Rock, to attend the Circuit Court of Batesville; that, before he started, he called upon the Clerk of said Circuit Court, and particularly requested him to attend to making out and filing with the Clerk of the Supreme Court, in due time, the transcript in this and other cases on appeal and on error, in which he was interested as counsel, and which had to be made out by the Clerk of said Circuit Court; that the Clerk told him said transcripts should be attended to by him; that said attorney, after his return from Batesville, about the commencement of the present term of this Court, when he had discovered that said transcripts were not filed, applied to the Clerk to know why they had not been filed, and said Clerk responded each time to such inquiry, that he had not had time; that he had been working diligently day and night, but the mass of transcripts which he had to make from the record books was so great, that he found it impossible to get them ready; that others were in the same condition; but he would complete and file them as soon as he could. And that some short time after said last application, on the same day, he was informed by the Clerk of this Court, that this and several other transcripts had been on that day filed by the Clerk of said Circuit Court. The provisions of the 23d and 24th sections of the statute above cited, require the appellant, in all cases of appeal from the Circuit Court, to cause a transcript of the record to be filed with the Clerk of this Court, at least ten days prior to the commencement of the term to which the appeal is returnable; and, in case of a failure to do so, provide that the judgment appealed from shall be affirmed, upon the production, by the appellee, of a certificate of the Clerk of the Circuit Court, that an appeal has been prayed and recognizance entered into according to law, unless good cause to the contrary be shown. These provisions were evidently only designed to prevent unnecessary delay in the prosecution of such appeals to this Court as suspend the judgment of the inferior Court, and to enable the appellee to determine the controversy in a summary manner, if the appellant should fail or neglect to use reasonable diligence, in bringing the case properly before this Court for adjudica-

tion. In this case, the truth of the facts, as shown in response to the rule, has not been controverted; and from them it appears, not only that the appellant designed to prosecute the appeal, without delay, but, also, that due diligence has been used, as well as reasonable efforts made, to have the transcript of the record filed with the Clerk of this Court, within the time prescribed by law. Rule discharged.

The case was thereupon argued in chief.

*Fowler*, for the plaintiff, to the point that the certificate was evidence, cited *Rev. St. p.* 151, *sec.* 11. *Holliday vs. McDougal*, 20 *Wend.* 85. 1 *Hill's* (*N. C.*) *Rep.* 45. 8 *Wheat.* 326, 331. *Peck's Rep.* 268. 5 *Cond. Rep.* 451. 6 *Cowen*, 164. That this was a foreign bill, 2 *Peters*, 586, 590. 4 *Wash. C. C. R.* 148. 2 *Peters*, 668, 170. 15 *Wend.* 530. 8 *Dana*, 134.

That it was not necessary to send the notice to the nearest post-office; but it is sufficient if the holder believed it to be the nearest; *Washam vs. Goar*, 4 *Porter*, 445. 1 *J. R.* 294.

That testimony given in a cause, without objection, must be considered competent; and the other party cannot move to instruct that it is not so. 22 *Wend.* 273, 275. 14 *J. R.* 215. 3 *Monroe*, 56. 5 *Cond. Rep.* 227. 7 *Wheat.* 453.

*Wm. & E. Cummins*, contra.

No evidence was given to show that Bizzell resided at or near Murfreesborough, whither the notice is alleged to have been sent. The notice must be sent to the nearest post-office to the residence of the party entitled to such notice. *Ireland vs. Kip*, 11 *J. R.* 231. *Freeman vs. Boynter*, 7 *Mass. Rep.* 483. The party must use reasonable diligence to ascertain the residence of the party to be affected by notice; and it is not sufficient to look for a party at the place where the bill is dated, if his residence be elsewhere. *Fisher vs. Evans*, 5 *Bin.* 541.

The memorandum of the Notary, as to notice, though officially signed and sealed, is no part of the protest, but is entirely separate from it, and can have no higher character, and no higher degree of

The Real Estate Bank *vs.* Bizzell.

credit should be given to it, than if the same facts had been stated in a private letter of the Notary.

Section 11, of Chapter 20, Revised Statutes, is in these words: " The protest made by the Notary Public, under his hand and seal of office, shall be allowed as evidence of the facts therein contained." The word " protest," in this section, means nothing more than the official declaration of the Notary, of the dishonor of the bill. To this extent, his acts are entitled to full faith and credit. Beyond this, he has no authority; and his acts are entitled to no higher regard than those of a private person. The Notary has nothing to do with giving notice to the parties concerned. This does not fall within the scope of his official duties.

*By the Court,* DICKINSON, J.

We can see no objection to the instructions. It is true, that our statute makes the certificate of the Notary evidence of the non-payment of the bill, and his notarial act of this fact cannot be questioned; but this provision certainly does not dispense with proof that notice of protest was duly forwarded to the defendant. That proof the holder of the bill is bound to make, and unless he establishes it upon the trial, the defendant is exonerated. It is true, that the Notary certifies that he forwarded notice of protest, by the first mail after the bill fell due, to Murfreesborough; but this is no proof that notice of protest was sent, or that Murfreesborough is the nearest post-office to the residence of the defendant. The certificate of these facts is not a notarial act, and of course they should have been established by proof *aliunde;* and, failing to do this, the plaintiff has not made out a cause of action against the defendant, and must, therefore, fail in her suit.

Judgment affirmed.